IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON

ANGELA CREAMER, AS NEXT
FRIEND AND NATURAL MOTHER
OF HER MINOR CHILD, C.C.,
IN HIS INDIVIDUAL CAPACITY                                         PLAINTIFF

VS.                                         CIVIL ACTION NO.  3:19-cv-62-HTW-LRA

EDGEWOOD TERRACE, LLC
DBA EDGEWOOD TERRACE APARTMENTS;
MULTIFAMILY MANAGEMENT, INC,
REBA ALFORD, INDIVIDUALLY; AND
JOHN DOES 1-9                                                              DEFENDANTS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Multifamily Management, Inc., by and through counsel, has removed this action pursuant 28 U.S.C. §§ 1332, 1441, 1446 and other applicable law, from the Circuit Court of Hinds County, Mississippi (Civil Action No. 18-697) to the United States District Court for the Southern District of Mississippi, Northern Division, located at Jackson, Mississippi. The basis for removal is diversity of citizenship.

### Nature of the Civil Action Removed

1.

On December 10, 2018, the above captioned Plaintiffs filed this civil action in the Circuit Court of the First Judicial District of Hinds County, Mississippi; Civil Action No. 18-697. The Complaint seeks monetary damages arising out of an alleged shooting that occurred on June 18, 2018, at the Edgewood Terrace Apartments in Jackson, Mississippi (the "apartment complex"). The Complaint names as defendants Edgewood Terrace, LLC (a dissolved Mississippi limited liability company), Multifamily Management, Inc. (an Alabama corporation with principal place of business in Mobile, Alabama), and Reba Alford (a Mississippi resident).  The Complaint

alleges that the apartment complex was "owned, operated and/or managed" by Edgewood Terrace, LLC, Multifamily Management, Inc. and Reba Alford.  See Complaint, paragraph 9.  Multifamily Management, Inc. was the management company for the apartment complex on the date of the incident.  However, neither of the two non-diverse defendants "owned, operated or managed" the apartment complex on the date of the incident.  See Declaration of Patrick J. Coffey, attached hereto as Exhibit "A."

2.

At the time of the incident giving rise to this litigation, Edgewood Terrace, LLC did not own, operate or manage the apartment complex.  At the time of the incident, the following entities possessed ownership interests in Edgewood Terrace Apartments:  Azalea Park Apartments, LLC (an undivided 36.32%); Autumn Trace GN, LLC (an undivided 7.72%); Bandywood Apartments, LLC (an undivided 44.38%); Teakwood D, LLC (an undivided 3.86%); Teakwood Dajon, LLC (an undivided 3.86%); Teakwood J, LLC (an undivided 3.86%).  Each of these entities are Delaware limited liability companies.  Upon information and belief, the principal place of business for each of these entities is Louisiana. See Exhibit "A."

3.

Reba Alford was not the manager of the apartment complex at the time of the alleged incident and has never been employed by Multifamily Management, Inc.  She has never possessed any ownership interest in Edgewood Terrace Apartments.  See Exhibit "A."

4.

It is clear that Edgewood Terrace, LLC and Reba Alford have been improperly joined (sometimes referred to as being "fraudulently joined") as defendants for the sole purpose of defeating federal diversity jurisdiction.  Because neither of the non-diverse defendants owned, operated or managed the apartment complex on the date of the incident, there is no possible basis

for recovery against them. For this reason, their citizenship cannot be considered in determining whether diversity of citizenship exists.

5.

The Complaint, filed on December 10, 2018, does not state a specific amount of monetary damages. However, the Complaint states that Plaintiff seeks recovery for "actual, compensatory and consequential damages in an amount in excess of the jurisdictional minimum of this Court." Complaint, paragraph 48. Plaintiff also seeks "all damages of every type and variety permitted by law including damages for physical injuries, medical bills, past and present emotional distress, mental anguish and mental trauma and emotional injuries and past and present pain and suffering by Plaintiff." *Id.* The Complaint also seeks "an award of punitive damages in an amount to deter the Defendants from similar or like willful, wanton or egregious conduct." *Id.* at paragraph 49. Based on these allegations in the Complaint, it is clear the Plaintiff is seeking damages in excess of the federal jurisdictional threshold of $75,000 and that the amount in controversy requirement is hereby met.

6.

A copy of the Plaintiff's Complaint filed with the Circuit Clerk of Hinds County, Mississippi, along with all process, pleadings and orders served upon Defendants is attached hereto as Exhibit "B" and incorporated herein by reference.

**Removal per 28 U.S.C. §1446(3)**

7.

This notice of removal has been filed within thirty days after receipt by Defendant, Multifamily Management, Inc., through service or otherwise, of a copy of a document from which it could first be ascertained that the case is one which is or has become removable. This lawsuit first became removable to this Court on January 2, 2019, when Defendant, Multifamily Management, Inc., was served with the Summons and Complaint.

## Removal Based on Diversity of Citizenship

8.

Taking the allegations of the Complaint as true, Plaintiff is an adult resident citizen of Hinds County, Mississippi.

9.

Defendant, Multifamily Management, Inc. is a corporation, formed under the laws of the State of Alabama with its principal place of business in Mobile, Alabama. Reba Alford is alleged to be a resident of Mississippi, but her citizenship is disregarded since she has been improperly or fraudulently joined. Edgewood Terrace, LLC is a dissolved Mississippi limited liability company, but its citizenship is disregarded since it has been improperly or fraudulently joined. Plaintiff has failed to state a viable cause of action against Reba Alford and Edgewood Terrace, LLC and has no possibility of recovering against them. *Montgomery v. First Family Financial Services, N.C.*, 239 F. Supp. 2d 600, 605 n.5 (S.D. Miss. 2002); *Ironworks Unlimited v. Purvis*, 798 F. Supp. 1261, 1263 (S.D. Miss. 1992). The claims against Reba Alford and Edgewood Terrace, LLC are manifestly groundless and there is no possibility that the Plaintiff will recover against them.

10.

Because Defendants Edgewood Terrace, LLC and Reba Alford have been improperly (fraudulently) joined, their consent to this removal is not required. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812 (5th Cir. 1993).

11.

Pursuant to 28 U.S.C. § 1332 and § 1441, this Court has original subject matter jurisdiction over the present action based on diversity of citizenship, in that it is a civil action where the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.

Pursuant to 28 U.S.C. § 1441, the United States District Court for the Southern District of Mississippi, Northern Division at Jackson, is the federal district court for the district and division embracing the place where the state court suit is pending.

13.

**Notice to Adverse Parties and the
Clerk of the Circuit Court of Hinds County, Mississippi**

The removing defendant hereby certifies that written notice of the filing of this NOTICE OF REMOVAL has been served upon all adverse parties and a copy will be filed with the Clerk of the Circuit Court of Hinds County, Mississippi, thereby effecting the removal of this action to this Court. Pursuant to 28 U.S.C. § 1446(d) notice is hereby given that the state court action shall proceed no further unless and until the case is remanded.

WHEREFORE, PREMISES CONSIDERED, the removing Defendant files this NOTICE OF REMOVAL with the United States District Court for the Southern District of Mississippi, Northern Division at Jackson, and respectfully prays that this Court will proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Hinds County, Mississippi, shall proceed no further unless and until the case is remanded thereto.

RESPECTFULLY SUBMITTED, this the 23rd day of January, 2019.

      Multifamily Management, Inc.,
      *Defendant*

BY:    */s/ William M. Vines*
       CLYDE X. COPELAND, III, MSB #10322
       WILLIAM M. VINES, MSB #9902
       JOHN S. GRAHAM, MSB # 100364

OF COUNSEL:

William M. Vines (MSB #9902)
JERNIGAN COPELAND ATTORNEYS, PLLC
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, Mississippi 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051
Email: ccopeland@jcalawfirm.com
Email: mvines@jcalawfirm.com
Email: jgraham@jcalawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, attorney of record for defendant, do hereby certify that I have this day served copies of the foregoing document via ECF electronic mail to the following counsel of record:

    Katrina S. Brown, Esq.
    LaToya Jeter, Esq.
    Brown, Bass & Jeter, PLLC
    Post Office Box 22969
    Jackson, Mississippi 39225
    ATTORNEY FOR PLAINTIFF

    Circuit Clerk of Hinds County, Mississippi
    Circuit Clerk's Office
    Post Office Box 327
    Jackson, Mississippi 39205

THIS, the 23rd day of January, 2019.

                                            /s/ William M. Vines
                                            WILLIAM M. VINES